**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

HEATHER STOLDT and
TRAVIS STOLDT,

                Plaintiffs,

    v.                                          Case No. 03-2634-CM-DJW

CENTURION INDUSTRIES, INC., and
A-LERT CONSTRUCTION SERVICES,
a division of CENTURION, INC.,

                Defendants.

**MEMORANDUM AND ORDER**

A telephone hearing was held on December 28, 2004 regarding the following motions: (1) Plaintiffs' Motion for Protective Order (doc. 70); and (2) Defendant's Motion to Compel (doc. 71). Plaintiffs appeared through counsel John Gage and Defendants appeared through counsel Lori Schultz.

This Memorandum and Order memorializes the ruling made at the telephone hearing regarding production of tape recordings. It also will address and resolve disputed issues in Defendant's Motion to Compel (doc. 71) that were not discussed at the telephone hearing.

**I.**    **Tape Recordings**

At issue in both Plaintiffs' Motion for Protective Order and Defendant's Motion to Compel are audio tapes made by Plaintiff Heather Stoldt of conversations she had with managerial employees of Defendant. More specifically, Plaintiffs seek to postpone production of these audio tapes until after the managerial employees are deposed. According to Plaintiffs, postponing production of the tapes will successfully destroy any opportunity for Defendants to tailor witness testimony and "explain away" damaging statements made by these manager employees on the tapes.

Pursuant to federal rule, the district court has authority to control the sequence of discovery to promote fair and just litigation practices.[1] For good cause shown, the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] Such an order may include a requirement that discovery be had only at a specified time or only in a specified sequence.

Plaintiffs rely on *Walls v. Int'l Paper Co.*[3], among other cases, for the proposition that a plaintiff may withhold recorded tapes until after the deposition of a Defendant's witness and/or Fed. R. Civ. P. 30(b)(6) representative. The primary rationale of *Walls*, as well as the other cases relied upon by Plaintiffs, is that delaying the production of tape recordings until after the deposition of a witness will preserve the impeachment value of the evidence.[4]

The interest in preserving impeachment evidence, however, must be weighed against competing interests. Here, the interest in preserving impeachment evidence must be balanced against the competing interest in discovering substantive evidence; in other words, discovering factual information within the tape recordings that is central to the case.

"In the instance of a recording of fact events, surreptitious or not, the real value of the recording

---

[1] Fed. R. Civ. P. 26(c) and 26(d); *see, also, Pro Billiards Tour Ass'n., Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C. 1999) ("Disputes involving the timing of specific depositions in relation to other discovery fall directly within the provisions of Rule 26(c)(2)"); *Roberts v. Americable Int'l, Inc*, 883 F. Supp. 499, 505 (E.D. Cal. 1995) (pursuant to Rules 26(c)(2) and 26(d), court has authority to control sequence of discovery to promote fair and just litigation practices).

[2] Fed. R. Civ. P. 26(c).

[3] 192 F.R.D. 294 (D. Kan. 2000).

[4] 192 F.R.D. at 297-98.

2

is not in impeaching a witness, but in the facts and issues determined by the recording."[5] "[C]lassifying evidence as to its relative importance as either impeachment or substantive evidence provides the best criteria for determining whether to delay production of evidence until after a party has been deposed. To the extent the substantive value of the evidence outweighs its impeachment value, the court will not delay production pending the taking of a deposition."[6]

Upon consideration of the arguments presented by counsel, the Court finds that the conversations captured on Plaintiffs' tapes directly impact Plaintiffs' claims and Defendant's defenses, as the tapes allegedly record fact events that are pivotal to the present litigation. Thus, the real value of the tape recordings are in their documentation of the actions of Plaintiffs' co-workers and the reaction of Defendants to Heather Stoldt's complaints. Under the circumstances presented, "[t]he memory of [the witnesses] as to what was said is of lesser importance."[7] Because the substantive value of the tape recordings at issue in this case outweighs their impeachment value, the Court will not allow Plaintiffs to delay production of the tapes and Plaintiff's Motion for Protective Order is denied.

---

[5]*Pro Billiards Tour Assn., Inc. v. R.J. Reynolds Tobacco, Co.*, 187 F.R.D. at 231.

[6]*Id.*; *see, also, Frazier v. S.E. Pa. Transp. Auth.*, 161 F.R.D. 309, 318-19 (E.D. Pa. 1995); *Roberts v. Americable Int'l*, 883 F. Supp. 499, 505 (E.D. Ca..1995); *Robertson v. Nat'l R.R. Passenger Corp.,* No. Civ. A. 98-1397, 1999 WL 199093 (E.D. La. Apr. 8, 1999).

[7]*Pro Billiards Tour Assn., Inc. v. R.J. Reynolds Tobacco, Co*, 187 F.R.D. at 231.

3

**II.     Written Discovery**

     A.     Interrogatory No. 2:

(a)  Are you claiming that any action by Defendants has affected your earning of salary, commissions or other income? If your answer to this question is yes, please identify every employer or other organization or person from which you have earned or attempted to earn income since January 1, 1999. Your identification of each employer, organization or person should include the start and ending date of your employment, your hourly wage rate and total compensation received. Your identification of each prospective employer should include the address and telephone number of the company and the person whom you contacted there.

(b)  Identify any documents related to the employment or prospective employment you listed in subsection (a).

Plaintiffs object to this interrogatory as vague and ambiguous with regard to the phrase "attempted to earn income" and as overly broad and unduly burdensome in that it includes employment search information and requests information for a period of more than two years prior to employment.

     **1.     Vague and ambiguous**

Plaintiffs assert the phrase "attempted to earn income" is vague and ambiguous. The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.[8] A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[9]

The Court finds Plaintiffs have failed to meet their burden to show how this interrogatory is vague or ambiguous. Defendants are simply asking for information regarding employers with whom they have

---

[8] *McCoo,* 192 F.R.D. at 694 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)).

[9] *Id.*

4

sought employment. The Court finds nothing vague or ambiguous about such an inquiry. Accordingly, the Court overrules Plaintiffs' vague and ambiguous to objection Interrogatory No. 2.

### 2. **Overbreadth**

Unless an interrogatory is overly broad on its face, the party resisting discovery has the burden to support its overbreadth objection.[10] This includes any objection to the temporal scope of the request.[11] The Court does not find this interrogatory overly broad on its face with regard to temporal scope. It covers a five-year time period. The Complaint alleges discriminatory conduct from October 2002 through July 2003. Thus, the interrogatory would extend to approximately three years before, and two years after, the claimed discriminatory conduct. Discovery requests covering similar time periods have been upheld in employment discrimination cases as reasonable and not overly broad.[12] It is well established that the scope of discovery is particularly broad in employment discrimination cases[13] and is not to be "narrowly circumscribed."[14]

---

[10] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D. Kan. 2000) (citations omitted).

[11] *McCoo*, 192 F.R.D. at 686 (citing *Daneshvar v. Graphic Tech., Inc.*, No. 97- 2304-JWL, 1998 WL 726091, at *1 (D. Kan. Oct. 9. 1998)).

[12] *See, e.g., Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655-56 (D. Kan. 2004) (allowing discovery into period two and one-half years prior to the alleged discrimination); *Garrett v. Sprint PCS,* No. 00-2583-KHV, 2002 WL 181364, at *3 (D. Kan. Jan. 31, 2002) (allowing discovery into three-year period prior to the alleged discrimination to the present); *EEOC v. Kansas City Southern Ry.*, 195 F.R.D. 678, 680 (D. Kan. 2000) (allowing discovery into four years prior to and one year after alleged discrimination).

[13] *Gomez v. Martin Marietta Corp,* 50 F.3d. 1511, 1520 (10th Cir. 1995) (citing *Scales v. J. C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir. 1991)).

[14] *Id.* (citation omitted).

Neither does the Court find a request for employment *search* information to be overly broad on its face. Information regarding whether Plaintiffs sought alternative employment appears on its face to be relevant to Plaintiffs' alleged damages, including the claim for front pay and mitigation, as well as the substantive claim of whether the work environment was hostile.[15] As the interrogatory is not overly broad on its face, Plaintiffs have the burden to demonstrate it is overly broad. Plaintiffs, however, fail to adequately justify their contention that employment search information goes beyond the bounds of permissible discovery. Accordingly, the Court will overrule Defendant's overbreadth objection.

### 3. Undue Burden

Plaintiffs object to producing the information requested because they claim that such a task would be unduly burdensome, requiring identification of documents such as work releases, resumes, injury reports, classified advertisements, W-4's, W-2's, 1099's, pay stubs, paychecks, memos and correspondence. Plaintiffs fail, however, to substantiate their claim of burdensomeness through affidavit or other means of explanation setting forth why identifying the referenced documents, if they exist, would create an undue burden upon them..[16] Accordingly, Plaintiffs' objection on this ground is overruled.

### B. Interrogatory 3

---

[15] *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339 at *10 (D. Kan. Oct. 9, 2001).

[16] *See Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999) (overruling objection when party failed to substantiate objection).

> Please identify each person with whom you have discussed any of the events related to the allegations made in your complaint. (Your answer to this question should include, but is not limited to, any discussion or conversation you have had with any representative employee agent or other person affiliated with defendants.) For each person identified in your answer to this interrogatory, please state when and where every discussion with each person took place, and with respect to each discussion, please identify all other persons present.

Plaintiffs object to this interrogatory on grounds of overbreadth and undue burden, relevance and work product protection.

As a general rule in this District, interrogatories that blanket an entire case are objectionable.[17] Interrogatories that do not encompass every allegation – or a significant number of allegations – of the Complaint reasonably places upon the answering party "the duty to answer."[18]

Here, Defendant seeks the identity of each person with whom Plaintiffs discussed any event related to allegations set forth in the 139-paragraph Complaint. The Court finds that the interrogatory is overly broad on its face and places an unreasonable burden upon Plaintiffs to answer it. The burden arises by encompassing within its request every allegation set forth in the Complaint and any event related thereto. Accordingly, the objection on grounds of overbreadth and undue burden are sustained, and Plaintiffs are not required to answer the interrogatory.

---

[17]*See, e.g., Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan.1997); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 320 (D. Kan.1998); *Lawrence v. First Kan. Bank & Trust*, 169 F.R.D. 657, 661-2 (D. Kan.1996).

[18]*Hiskett*, 180 F.R.D. at 404 (citing *IBP, Inc.*, 179 F.R.D. at 321-22).

C.  Interrogatory 5

Please describe all admissions made by Defendants that are relevant to any allegation in this lawsuit. For each such admission (a) if the admission was oral, identify the date and the place it was made, the person who made the admission, and all persons who were present when it was made and (b) if the admission was in writing, identify the documents in which it was made.

Plaintiffs object to this interrogatory as calling for a legal conclusion, as violative of the attorney-client privilege and work product doctrine, and as overly broad and unduly burdensome given use of the term "relevant to any allegation in this lawsuit." Again, the Court finds encompassing within its request every allegation set forth in the Complaint renders the interrogatory overly broad on its face and places an unreasonable burden upon Plaintiffs to answer it. Thus, the objection on grounds of overbreadth and undue burden are sustained, and Plaintiffs are not required to answer the interrogatory.

D.  Interrogatory 7

If you are seeking damages for emotional distress, humiliation, embarrassment, or any other physical or mental pain or injury, please identify each physician, therapist, psychiatrist, psychologist, counselor or other health care provider you have seen for diagnosis consultation, or treatment of any condition illness or injury since 1999. In addition, state the dates upon which you visited each health care provider and the diagnosis or treatment provided on each date and identify all documents that reflect or refer to consultation or treatment including without limitation all bills or invoices for that consultation or treatment.

Plaintiffs object to this interrogatory as overly broad and unduly burdensome in its temporal scope. The Court disagrees.

Plaintiff Heather Stoldt claims damages for "physical injury, emotional distress, mental anguish, pain and suffering, fear and apprehension of offensive physical touching, and loss of enjoyment of life.[19] She thus

---

[19] Amended Compl. ¶ 91.

places her physical, mental, emotional, and psychological condition at issue. The medical history sought by this interrogatory appears relevant both as to causation and as to the extent of her alleged injury and damages. Plaintiff has not shown it to be irrelevant.

Moreover, and for the reasons stated in section II(A)(2) above, the Court finds the request for Plaintiffs' medical history from 1999 to present reasonable in temporal scope. Plaintiffs' objections here are overruled.

E. <u>Interrogatory No. 11 to Heather Stoldt; No. 12 to Travis Stoldt</u>

11. Please identify each and every one of the "terms and conditions of employment" to which you refer in paragraphs 76, 95, 100 and 105 of your First Amended Complaint.

12. Please identify each and every one of the "terms and conditions of employment" to which you refer in paragraphs 128, 129 and 131 of your First Amended Complaint.

Plaintiffs object to these interrogatories as overly broad and unduly burdensome on their face, because they refer to allegations in multiple paragraphs of the First Amended Complaint. As noted above, interrogatories that encompass all – or a significant number of – allegations within the Complaint places an undue burden upon the answering party.[20] Here, however, Defendant seeks to identify "terms and conditions of employment" to which Plaintiffs refer in just three to four paragraphs of the 139-paragraph First Amended Complaint. The Court finds these interrogatories are not overly broad on their face and reasonably places upon Plaintiffs a duty to answer.

---

[20]*Hiskett*, 180 F.R.D. at 404 (citing *IBP, Inc.*, 179 F.R.D. at 321-22).

9

F. <u>Interrogatory Nos. 12-14 to Heather Stoldt; No. 11 and 14 to Travis Stoldt</u>

12. Please identify all facts upon which you base your allegations that Centurion "aided in accomplishing [the] tortious behavior" of Rodney Folger and/or "authorized and ratified the actions of Rodney Folger set forth in paragraphs 85, 110 and 111 of your First Amended Complaint.

13. Please identify all facts upon which you base your allegation that "Defendants' policy of lay-offs based on seniority" had a disparate impact on females, including Plaintiff, as set forth in paragraphs 101 and 102 of your First Amended Complaint. Your answer should included, but should not be limited to, identification of each and every female employee whom you believe has been adversely affected by the alleged "disparate impact of a facially neutral lay-off policy."

14. Please identify all facts on which you base your allegation that Defendants "orchestrat[ed] . . . ostracism of and verbal harassment of [you] by [your] co-workers," as set forth in paragraph 105 of your First Amended Complaint. Your answer should included, but should not be limited to, a description of the ostracism and verbal harassment to which you were subjected, identification of each and every co-worker who subjected you to such ostracism and verbal harassment and the approximate date of any such incident.

11. Please identify all facts on which you base your allegation that Defendants "orchestrat[ed] . . . ostracism of and verbal harassment of [you] by [your] co-workers," as set forth in paragraph 128 of your First Amended Complaint. Your answer should included, but should not be limited to, a description of the ostracism and verbal harassment to which you were subjected, identification of each and every co-worker who subjected you to such ostracism and verbal harassment and the approximate date of any such incident.

14. Please identify all facts on which you base your allegations that Defendants retaliated and/or discriminated against you, as set forth in paragraphs 128, 129 and 131 of your First Amended Complaint.

Plaintiffs object to all five of these interrogatories as overly broad and unduly burdensome because they seeks "all facts" supporting more than one allegation in Plaintiffs' First Amended Complaint.

Requests for opinions or contentions that call for the application of law to fact are proper,[21] and an interrogatory may properly inquire into a party's contentions in the case.[22] These types of interrogatories, known as "contention interrogatories," may be used to narrow and define the issues for trial, and they enable the propounding party to determine the proof required to rebut the responding party's position.[23] With that said, this Court has found overly broad those contention interrogatory that seeks "all facts," and thus require the answering party to provide a narrative account of its case.[24]

Interrogatories may, however, properly ask for the "principal or material" facts which support an allegation or defense.[25] Interrogatories "which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations" may survive objections that they are overly broad or unduly burdensome.[26]

Although Defendants link the referenced interrogatories to specific allegations within a limited number of discrete paragraphs of the Complaint, the Court nevertheless finds them overly broad and unduly burdensome on their face to the extent they seek "all facts." With that said, Plaintiffs have a duty to answer "to the extent the interrogatory is not objectionable."[27] Accordingly, the objection is sustained to the extent

---

[21]*Towner v. Med James, Inc.*, No. 94-2285-GTV, 1995 WL 477700, *3-4 (D. Kan. Aug. 9, 1995) (citing Fed. R. Civ. P. 33(c)).

[22]*Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989).

[23]*Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 446 (D. Kan. 2000).

[24]*Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998) (citations omitted).

[25]*Id.* (citations omitted).

[26]*Id.* (citation omitted).

[27]Fed. R. Civ. P. 33(b)(1).

that the interrogatories seek "all facts" but overruled to the extent they seek all principal or material facts.

F.     Request for Production No. 1

Request for Production No. 1 requests Plaintiffs produce all documents they were "requested to identify in [their] responses to Defendants' First Interrogatories." Plaintiffs respond by incorporating the objections set forth in their interrogatory responses. Given the Court has now ruled on each of these objections and thus Plaintiffs now know the extent to which they are required to answer each of these interrogatories, Plaintiffs' objections to producing documents identified in the responses is overruled.

G.     Heather Stoldt Request Nos. 2-18 & Travis Stoldt Request Nos. 2-19

In their briefing, Defendants argue these unobjectionable requests merely seek documentary support for allegations in Plaintiffs' Complaint, the damages Plaintiffs allege to have suffered and any attempts to mitigate those damages In response, Plaintiffs argue that because the requests seek all documents "supporting," "concerning" or "relating to" various allegations, the requests are overly broad and unduly burdensome on their face.

This Court has held on numerous occasions that a request or interrogatory may be overly broad or unduly burdensome on its face if it uses an omnibus term as "relating to" or "concerning." That rule, however, applies only when the omnibus term is used "with respect to a general category or group of documents."[28] As this Court has previously noted, a request seeking documents "concerning" a broad

---

[28]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003) (finding request unduly burdensome on its face when seeks all documents "regarding" or "relating to" lawsuit and the eleven plaintiffs and their EEOC charges).

range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[29] When, however, the omnibus phrase modifies a specific type of document or specific event, rather than a large category or all documents or events, the request is not deemed overly broad on its face.

Here, there is no way for the Court to determine whether the terms "supporting," "concerning" or "relating to" as used by Defendants modify "specific documents" or a "general category of documents" because Defendants failed to submit the requests for the Court's review. Although several of the requests are paraphrased in the parties' briefing for the Court's review, the actual requests have not been submitted for consideration. Without the context within which these alleged omnibus phrases are used, the Court is not in a position to determine whether the requests are broad and open-ended or limited to documents that support specific events and allegations in Plaintiffs' First Amended Complaint. Accordingly, Defendants' Motion to Compel is denied with respect to these objections.

### H. Request No. 16, 22 (Heather Stoldt) and Request No. 15, 21 (Travis Stoldt)

These requests ask Plaintiffs to execute and return Internal Revenue Service Form 4506, which is a "Request for Copy of Tax Return," as well as to execute a release in order for Defendants to obtain information regarding Plaintiffs' health and employment history. Plaintiffs object to these requests on grounds that the request requires them to create documents, which is beyond the scope of Fed. R. Civ. P. 34. Defendants disagree, arguing Rule 34 necessarily permits the Court to compel the signing of a release

---

[29]*Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. 94-2304-EEO, 1996 WL 397567, at *10 (D. Kan. July 11, 1996).

form to obtain medical and/or employment records. Under the circumstances presented, the Court finds no basis within Rule 34 to compel a party signature.

"The purpose of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party available to the other."[30] The breadth of Rule 34 extends to all relevant documents, tangible things, and entry upon designated land or other property.[31] Rule 34 requires that the party upon whom the request is served must be in possession, custody, or control of the requested item.[32] Here, it appears uncontroverted that medical and employment records are documents or tangible items as defined under Rule 34(a) and that Plaintiffs does not have actual possession or custody of the medical records. Nevertheless, the Court must decide whether Plaintiffs have "control" of the referenced records.

"[A] party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents."[33] But "[t]he relationship between the party and the person or entity having actual possession of the document is central in each case."[34] Here, the relationship between Plaintiffs and their medical providers, their former employers and their prospective employers is not sufficient to establish control. In fact, Defendants can secure copies of the requested documents from the custodian of the records as readily as Plaintiffs. The

---

[30] 8A C. Wright & A. Miller, Federal Practice and Procedure § 2202, at 356 (2d ed. 1994).

[31] *Id.* § 2206, at 381.

[32] *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998) (citing *Neal v. Boulder*, 142 F.R.D. 325 (D. Colo. 1992)).

[33] *Id.*

[34] *Id.*

appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.[35] If the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena, Plaintiffs may file the appropriate motion requesting the Court compel such production or require execution of appropriate releases pursuant to the Court's general powers to enforce its own orders.

The Court finds there is no basis under Rule 34 to allow this Court to compel Plaintiffs to sign the release forms as requested; accordingly, the Motion is denied with respect to this request.

I. Request No. 19 (Heather Stoldt) and Request No. 18 (Travis Stoldt)

These requests purportedly ask Plaintiffs to provide "any and all diaries, journals or logs created or kept by [them] from 2002 to the present." Plaintiffs object to this request on the ground that these documents are protected attorney work product and, therefore, not subject to production. Plaintiffs, however, provide neither argument nor evidence to demonstrate that any diary, journal or log is protected work product. Accordingly, Plaintiffs' objection is overruled.

**III. Sanctions**

Defendants seek reasonable expenses, including attorney fees, incurred in preparing the Motion to Compel. Federal Rule of Civil Procedure 37(a)(4)(C) allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part. Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[36]

Upon review of the circumstances presented here, the Court finds justice requires each party be

---

[35]*Id.*

[36]Fed. R. Civ. P. 37(a)(4)(C).

responsible for their own costs and expenses incurred in briefing this motion.

Accordingly, it is hereby ordered that

(1) Plaintiffs' Motion for Protective Order is denied to the extent it requests protection from production of audio tapes created by Plaintiff; thus, Plaintiffs are ordered to produce such audio tapes prior to the depositions of Defendant's employees;

(2) Defendants' Motion to Compel is granted to the extent that

   (a) Plaintiffs shall respond fully to Interrogatory Nos. 2, 7 and 11 directed to Heather Stoldt;

   (b) Plaintiffs shall respond fully to Interrogatory No. 12 directed to Travis Stoldt;

   (c) Plaintiffs shall respond to the extent that Interrogatory Nos. 12, 13 and 14 to Heather Stoldt seek principal or material facts;

   (d) Plaintiffs shall respond to the extent that Interrogatory Nos. 11 and 14 to Travis Stoldt seeks principal or material facts;

   (e) Plaintiffs shall respond fully to Request Nos. 1 and 19 to Heather Stoldt; and

   (f) Plaintiffs shall respond fully to Request No. 18 to Travis Stoldt.

(3) Defendants' Motion to Compel is denied to the extent that

   (a) Plaintiffs are not be required to respond to Interrogatory Nos. 3 and 5 directed to Heather Stoldt;

   (b) Plaintiffs are not required to respond to Interrogatory Nos. 12, 13 and 14 to Heather Stoldt to the extent those interrogatories seek "all facts;"

   (c) Plaintiffs are not required to respond to Interrogatory Nos. 11 and 14 to Travis Stoldt to the extent those interrogatories seek "all facts;"

   (d) Plaintiffs are not required to respond to Request Nos. 2-18 directed to Heather Stoldt;

   (e) Plaintiffs are not required to respond to Request Nos. 2-19 directed to Travis Stoldt.

(4) Defendant's Request for Sanctions is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of February, 2005.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:     All counsel and *pro se* parties